## COMBINATION PROMISSORY NOTE, TRUTH-IN-LENDING DISCLOSURE STATEMENT AND SECURITY AGREEMENT

**LENDER-CREDITOR NAME & ADDRESS**
- Family Choice Financial, Inc.
- 730 South Range Ave Ste 1C
- Denham Springs, LA 70726

**BORROWER'S NAME & ADDRESS** CO-BORROWER
- Angela D. Lyle
-
- 507 Garden Lane
- Madisonville, LA 70447

PARISH

ACCOUNT NO. 2999-

DATE OF LOAN 07/08/2025

Borrower's SS/Tax ID #

Co-Borrower's SS/Tax ID #

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 37.260% | $835.27 | $2,584.73 | $3,420.00 |

**MY PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF FIRST PAYMENT | FIRST PAYMENT DUE DATE | OTHER PAYMENTS DUE SAME DAY OF EACH SUCCEEDING MONTH | AMOUNT OF OTHER PAYMENTS | FINAL PAYMENT DUE DATE |
|---|---|---|---|---|---|
| 18 | $190.00 | 08/10/2025 | | $190.00 | 01/10/2027 |

**Security:** I am giving you a security interest in: [X] Certain Household Items [ ] Motor Vehicle [ ] Goods or property being purchased [ ] Real Estate [ ] Collateral securing other loans may also secure this loan [ ] Other (describe) ________ [ ] This Loan is unsecured.

**Late Charge:** If a payment is more than 10 days late, I will be charged $10.00 or 5.00% of the amount of the installment in default whichever is greater.

**Prepayment:** If I pay off early, I may be entitled to a refund of part of the finance charge.

[ ] **Assumption Policy:** A subsequent purchaser of my dwelling financed under this loan may not be permitted to assume this loan under its original terms.

I should see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Insurance:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional cost. Insurance, if provided, is for a term of 18 / 0 months. Amount of Coverage $3,420.00 / $0.00

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| Reducing Term Credit Life | $0.00 | I want Reducing Credit Life Ins [ ] with Dismemberment or [ ] without Dismemberment SIGNATURE: |
| Level Term Credit Life | $95.26 | I want Level Credit Life Ins [X] with Dismemberment or [ ] without Dismemberment SIGNATURE: Angela Lyle |
| Joint Credit Life | $0.00 | I/We want Joint Credit Life Ins [ ] with Dismemberment or [ ] without Dismemberment SIGNATURE: SIGNATURE: |
| Credit Disability | $0.00 | I want Credit Disability Insurance SIGNATURE: |

**ITEMIZATION OF THE AMOUNT FINANCED OF** ........ $2,584.73

Amount Given To Me Directly ........ $1,060.16

Amount Paid On My Account ........ $1,058.50

AMOUNT PAID TO OTHERS ON MY BEHALF (I understand and agree that you receive and retain a portion of certain of these amounts)

AMOUNTS PAID TO INSURANCE COMPANIES FOR:

(a) Credit Life Insurance ........ $95.26

[X] Lvl [X] Sngl [ ] Dcrsng [ ] Jnt [X] Dsmbrmt

(b) Credit Disability Insurance ........ $0.00

[ ] 7 Day Retro [ ] 14 Day Retro

(c) Property Insurance ........ $200.81

AMOUNTS PAID TO PUBLIC OFFICIALS FOR:

(a) Filing Fee ........ $35.00

(b) Termination Fee ........ $0.00

(c) Real Estate Notary Fee ........ $0.00

(d) ________ $0.00

AMOUNTS OF OTHER ITEMS PAID:

To ________ for Real Estate Appraisal Fee ........ $0.00

To ________ for Title Examination Fee ........ $0.00

To You for Origination Fee ........ $50.00

To You for Documentation Fee ........ $20.00

To ________ for Non Filing Insurance ........ $0.00

To ________ for AD&D Premium $0.00

To Auto Insurance Premium $0.00

To Gap Premium $0.00

To IUI Premium $0.00

To ________ $0.00

To Electronic Funding Fee $0.00

To Motor Club $135.00

(Less) Prepaid Finance Charge ........ ( $70.00

I may obtain required property insurance from anyone I want that is acceptable to you. If I obtain the insurance through you the cost will be as follows:

[X] PROPERTY INSURANCE $200.81 for a term of 18 months.

A PORTION OF THE INSURANCE FEES MAY BE RETAINED BY THE SELLER. As stated above, "I", "Me" or "My" means all Borrowers; and "You" means the Lender-Creditor named above.

### SECURITY AGREEMENT

This loan is secured by the property listed below and located at the above address unless otherwise agreed by the parties hereto.

Description of secured property:

[ ] (a) Motor Vehicle(s):

| NEW/USED | MAKE | MODEL | YEAR | SERIAL NO. | H.P. | BODY STYLE | COLOR | LICENSE NUMBER/YEAR |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

[X] (b) Others (See Schedule A)

BORROWER UNDERSTANDS AND AGREES THAT THE TERMS OF THE SECURITY AGREEMENT ON THE REVERSE SIDE HEREOF ARE A PART OF THIS AGREEMENT AS IF FULLY SET FORTH AT THIS POINT.

CONTRACT RATE 33.510%

### PROMISSORY NOTE – NEGOTIABLE PAPER

FOR VALUE RECEIVED, the undersigned (whether one or more) jointly, severally and solidarily, promise to pay to the order of the Lender stated above the Total of Payments shown above, until the full amount of this Note shall be paid. The first installment shall be due and payable on the first payment date shown above, and the following installments shall be due on the same date of each month thereafter, together with the final installment covering any unpaid balance, which final installment is due and payable on the final payment due date shown above, unless otherwise extended or deferred pursuant to the Louisiana Consumer Credit Law.

In the event that any installment payment under this Note is not paid in full within 10 days following its scheduled due date, a Delinquency Charge will be assessed equal to 5.00%% of the installment in default, or $10.00, whichever is greater.

If this Note is prepaid in full before the final installment date, or if the maturity of this Note is accelerated for any reason, the Borrower shall receive a rebate of the unearned portion of the Finance Charge pursuant to the Rule of 78's after first deducting from the Finance Charge a prepayment charge of $25.00 if one-half (1/2) or less of the Note contract term has elapsed. No rebate less than $1.00 will be made. APPLIES TO SECTION 32 REAL ESTATE LOANS ONLY. If prepayment is a result of refinancing, the finance charge refund will be computed using the actuarial method.

In the event the Borrower tenders a check in payment of any amount due under this Note and the check is returned due to insufficient funds or credit, Lender shall have the right to assess against the customer an additional charge for the dishonor of the returned item equal to 5% of the amount of the returned item or $25.00 whichever is greater.

The parties hereto further bind themselves to pay the reasonable fees of any attorney at law who may be employed to recover the amount of this Note, or any part hereof, in principal and interest, or to protect the interests of Lender or to compromise, or to take any other action with regard thereto, which fees are hereby fixed at twenty-five (25%) percent of the amount of the unpaid debt. Upon the occurrence of any one or more of the following events of default: (1) Failure to make any monthly payment when due; (2) Failure to perform any obligation under any Security Agreement securing this Note; (3) Borrower defaults under any other credit extension with Lender; (4) Borrower should die, or become insolvent, or apply for bankruptcy or other relief from creditors; (5) Lender reasonably believes itself to be insecure in the repayment of this note. Lender may, at its option, declare the entire unpaid balance of this Note, less any rebate of unearned charges, as provided for herein, to be due immediately and payable without notice or demand. Interest (Finance Charge) shall continue to be assessed on the unpaid balance of this Note, less any rebate of unearned charges, at the disclosed Contract Rate until one (1) year after contractual maturity, and thereafter at the rate of 18% per annum until paid in full.

In the event that an installment is not paid within 10 days after its due date, Lender may unilaterally grant a deferral of the delinquent installment and collect a deferral charge calculated by applying the above Contract Rate to the amount deferred over the period of deferral without regard to the differences in the length of months but proportionately for a part of a month, counting each day as 1/30th of a month. Such deferral charge may be collected at the time it is assessed or at any time thereafter. At Lender's option deferral charges on a precomputed consumer credit transaction may be computed on a pro rata basis or any other method of calculation that does not yield a greater sum than the maximum rates permitted in this Chapter. In lieu of the above, the entire unpaid balance of the transaction may be deferred by charging an amount equal to the rate previously stated to the consumer times the balance at the time of deferral for the period of deferral. In such a case, the transaction maturity date will be extended by the number of months that the balance is deferred.

Borrower agrees that the origination fee and/or documentation fee, if any, included in the Prepaid Finance Charge disclosed above, is fully earned and is not subject to rebate upon prepayment or acceleration of this Note, and is not considered interest.

All parties hereto severally waive presentment for payment, demand, protest and notice of protest and nonpayment, and all pleas of division and discussion and agree that the payment of this Note may be extended by Lender, from time to time, one or more times, without notice, hereby binding themselves jointly, severally and solidarily, unconditionally waiving all pleas of discussion and division, and as original makers and promissors for the payment hereof in principal, interest, costs and attorney's fees.

Lender may at any time release any of the parties hereto, in whole or in part, from their obligations hereunder without in any manner affecting or impairing the rights of Lender against all other parties hereto not so released. All parties hereto severally consent and agree that any and all collateral securing this Note may be exchanged or surrendered or otherwise dealt with from time to time without notice to or from any party hereto and without in any manner releasing or altering the obligations of the parties hereto under this Note. No delay on the part of the Lender in exercising any power or right hereunder shall operate as a waiver of any such power or right nor shall any single or partial exercise of any power or right hereunder preclude other or future exercise thereof or the exercise of any other power or right hereunder.

As used herein, the term "parties hereto" shall be deemed to include not only the Borrower and Co-Borrower hereof but also any guarantor or guarantors. All parties hereto further severally agree that this Note evidences and sets forth their entire agreement with the holder hereof and that no modifications hereof shall be binding unless in writing and signed by the parties hereto.

The parties hereto further specify and unconditionally agree that this Note shall be governed and construed under the Louisiana Consumer Credit Law (La. R.S. §§ 9:3510, et seq.). However, the Note shall not be governed by the Louisiana Consumer Credit Law where the proceeds of this note are used primarily for business or commercial purposes subject to La. R.S. § 9:3509.

[ ] The following Notice is applicable to this consumer credit transaction only if an "X" appears in the foregoing box and Lender has signed at the right. By ________ Lender

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

I (we) further acknowledge receipt of a completed copy of this Truth-in-Lending Disclosure Statement, Promissory Note and Security Agreement.

State of Louisiana Parish of Livingston

Angela Lyle 7/8/25 — Borrower / Grantor, Date

G Lonzales 7/8/25 — Witness, Date

________ Co-Borrower / Grantor ________ Date

File Copy

NOTICE: SEE OTHER SIDE FOR ADDITIONAL INFORMATION

# SECURITY AGREEMENT ("Agreement")

**Secured Indebtedness:** For purpose of this Agreement, the term "indebtedness" means my indebtedness under the Note executed in connection herewith (in principle, interest, late charges, NSF check charges, other fees, costs, expenses, and attorney's fees).

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) indebtedness as defined above, I am granting you a continuing security interest on my Property described on the first page of this Contract (my "Property") and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to my Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Security Agreement does not grant to you a non-possessory security interest in any non-purchase money household goods as defined at 16 C.F.R. 444

**Covenants:** I agree that my Property will secure my indebtedness until the full and final payment of the indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Agreement, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the indebtedness remains unpaid and unsatisfied. The insurance is be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under such insurance policy covering the Property and to endorse any draft or check which is the proceeds of such insurance.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Agreement, then you shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and in such amount as you deem acceptable, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole desecration to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the Rate provided on the first page of this Contract from the date of each such advance until I repay you in full. All such additional sums shall be secured by this Agreement. Any insurance purchased may, at your option, be in the form of single interest insurance, which shall cover your interest only up to the payoff of all sums due under the Contract, or dual interest insurance which shall cover the actual cash value of the Property and any other coverages which you may elect to purchase for my benefit. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Collateral Location:** Lender's security interest will apply to the Collateral wherever it may be located. Unless otherwise indicated, the Collateral will be kept at my address indicated on the first page of this contract when not in use elsewhere. I agree not to remove the Collateral from the State of Louisiana for a period in excess of sixty (60) consecutive days without first obtaining Lender's prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the indebtedness, or should I default under any of my obligations under this Agreement, I agree that you shall have the right to accelerate payment of all amounts which I (or any of us) may then owe to you, which will then entitle you to foreclose under this Agreement and cause the Property to be immediately seized and sold under ordinary or executory process with or without approval, in accordance with applicable Louisiana law, whether in term of court or vacation, without the necessity of further demanding payment from me or notifying me of placing me in default.

For purposes of foreclosure under Louisiana executory process procedures, I acknowledge to you and confess judgment in your favor in the full amount of my (and our) present and future indebtedness. To the extent permitted under applicable Louisiana law, I additionally waive: (a) the benefit of appraisal as provide under Articles 2332, 2336, 2723, and 2724 of the Louisiana Code of Civil Procedure, and all other laws, with regard to appraisal upon judicial sale; (b) the demand and three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (c) the notice of seizure as provided under Article 2293 of the Louisiana Code of Civil Procedure; (d) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (e) all other provisions provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above. I agree that you may appoint a keeper of the mortgaged Property in the event of foreclosure. I additionally agree to hold you harmless from any and all claims for damages to persons or property as a result of the seizure of the Property.

Should the Property for any reason be located in another state at or following any default under the indebtedness or under this Agreement, I agree that you may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located or under the laws of this state as applicable. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public action or private sale as authorized by Louisiana law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least ten (10) days before the time of the sale or disposition. Louisiana law permits repossession of motor vehicles without judicial process.

I agree to pay your reasonable attorney's fees and all reasonable expenses relating to the sale or other disposition of the Property including without limitation expenses of retaking, holding, insuring, preparing for sale and selling the Property. All such out-of-pocket collection costs and expenses shall become part of the indebtedness secured by this Agreement and shall be payable on demand, with interest at the Rate provided on the first page of this Contract from the date of each such expenditure until repaid.

**Rebate and Acceleration of Maturity:** Except as provided in R.S. 9:3527, if the maturity of a consumer credit transaction is accelerated for any reason and suit is filed, the obligation shall be credited with the same rebate required under R.S. 9:3532 (A) or (B), as applicable, as if prepayment in full had been made as of the date of maturity of the obligation is accelerated at the creditor's election, except that any credit life insurance and health and accident insurance in force at such time shall not be rebated until payment is made in full; thereafter the obligation sued upon shall be deemed to bear a loan finance charge or credit service charge on the amount due at the annualized rate previously agreed to by the consumer until the transaction is paid in full.

**Miscellaneous:** I represent and warrant to you that my correct Social Security Number or I.R.S. Tax Identification Number is included on the first page of this Contract. I agree to notify you in writing should I ever change my Social Security or Tax Identification Number or obtain an additional number. I am waiving any and all exemptions from seizure with regard to Property as may be granted under applicable law. I further agree that any failure on your part to exercise any right or option that you may have under this Agreement or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the secured Property will not release me from my obligations under this Agreement. I further agree that you may file a carbon, photographic, facsimile or other type of copy of this Contract or of a UCC-1 financing statement in lieu of filing an original containing my signature. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Agreement. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph. In this Agreement, the words "I," "me," "my," "we," "us," and "our" individually, collectively and interchangeably mean each person signing this Security Agreement. The words "you," "your," and "yours" individually and interchangeably mean the Lender named on the first page of this Contract.

**Signature Lines on Page One**

## NOTICE TO COSIGNOR

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept the responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The Creditor can collect from you without first trying to collect from the borrower. The Creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit records. This notice is not a contract that makes you liable for the debt.

## GUARANTY

The undersigned hereby jointly, severally and solidarily unconditionally guaranty its successors, assigns, transferees or endorsers, the punctual payment of the Note on the first page of this Contract and each extension and renewal thereof, at maturity or when the same shall otherwise become due in accordance with the provisions thereof, and having taking cognizance of all terms, conditions, waivers and agreements of the said Note, hereby agree that such terms, conditions, waivers and agreements shall be binding upon the undersigned, and each of them, the undersigned hereby waiving presentment for payment, demand, protest and notice of protest and non-payment, and also all pleas of division and discussion, and agreeing that the liability of the undersigned is and shall be joint, severable and in solido with each other and with the maker or makers of the said Note. The undersigned further agree that payment under the said Note may be extended from time to time, and that any of the makers, endorsers, sureties or guarantors thereof may at any time be released in whole or in part from their obligations thereunder, without notice to or further assent of the undersigned or any of them, all of whom shall remain bond in solido notwithstanding any extension of the said Note or the release of any maker, endorser, surety or guarantor thereof.

______________________________ ______________________________

______________________________ ______________________________

☐ The following Notice is applicable to this consumer credit transaction only if an "x" appears in the forgoing box and Lender has signed at the right

LENDER

BY ______________________________

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

SCHEDULE A - SECURITY EVALUATION

| Personal Property Collateral: | | | |
|---|---|---|---|
| **Description** | **Model** | **Serial** | **Value** |
| 50" Samsung Flat Screen T.v. | | | $600.00 |
| 52" Onn Flat Screen T.v. | | | $350.00 |
| 50" Samsung Flat Screen Tv. | | | $600.00 |
| H P Desk Top Computer | | | $350.00 |
| Apple Series 8 41" Watch | | | $650.00 |
| Apple 8 Series 45" Watch | | | $700.00 |
| Honda Pressure Washer 1500 , Gas( 3 Yrs) | | | $500.00 |
| Honda Generator 25000(3 Yrs) | | | $500.00 |

Total Value of Collateral: $4,250.00

I affirm the above Items used as collateral on Loan #2999- Dated 07/08/2025 Reflects actual cash value as indicated.

[signature]
Employee Signature

Angela Lyle
Angela D. Lyle

Original

**STATE OF LOUISIANA**
**UCC-1 FILING**
**(R.S. 10:9)**

**Parish:** LIVINGSTON (32)

**Debtor:**

ANGELA D LYLE
507 GARDEN LANE
MADISONVILLE, LA 70447

**Secured Parties:**

FAMILY CHOICE FINANCIAL
bcanales@familychoicefinancial.com
730 S. RANGE AVE STE 1C
DENHAM SPRINGS, LA 70726

**Collateral:**

**This financing statement covers the following collateral:**
DESC: 50" SAMSUNG FLAT SCREEN T.V.; DESC: 52" ONN FLAT SCREEN T.V.; DESC: 50" SAMSUNG FLAT SCREEN TV.; DESC: H P DESK TOP COMPUTER; DESC: APPLE
SERIES 8 41" WATCH; DESC: APPLE 8 SERIES 45" WATCH; DESC: HONDA PRESSURE WASHER 1500 , GAS( 3 YRS); DESC: HONDA GENERATOR 25000(3 YRS)

**Short Description:**
DESC: 50" SAMSUNG FLAT SCREEN T.V.; DESC: 52" ONN FLAT SCREEN T.V.; DESC: 50" SAMSUNG FLAT SCREEN TV.; DESC: H P DESK TOP COMPUTER; DESC: APPLESERIES 8 41" WATCH; DESC: APPLE 8 SERIES 45" WATCH; DESC: HONDA PRESSURE WASHER 1500 , GAS( 3 YRS); DESC: HONDA GENERATOR 25000(3 YRS)

**Additional Debtor Information:**

**Collateral is:**

332153

**Alternative Designation is:**N/A

The filing of a false public record, with the knowledge of its falsity, is a crime, subjecting the filer to fine or imprisonment or both under R.S. 14:133.
By typing my name below, I hereby certify that I am authorized to file this transaction.
**Electronic Signature:** BRENDA CANALES (07/08/2025)

2025 JUL -8 PM 2:31
DEPUTY CLERK